UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SNOWIZARD, INC.** | * | CIVIL ACTION |
| | * | |
| | * | |
| | * | CASE NO. |
| vs. | * | |
| | * | SECT. |
| | * | |
| **DAVID KAPPOS, DIRECTOR OF THE** | * | |
| **UNITED STATES PATENT AND** | * | |
| **TRADEMARK OFFICE** | * | MAGISTRATE |
| | * | |
| | * | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR JUDICIAL REVIEW OF A DECISION OF THE
TRADEMARK TRIAL AND APPEAL BOARD PURSUANT 15 U.S.C. §1071(b)**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, SnoWizard, Inc., (hereinafter "SnoWizard" or "Plaintiff") which, in support of its complaint for judicial review pursuant to §1071(b), respectfully avers that:

**Parties**

**1.**

Plaintiff is SnoWizard, Inc., a Louisiana corporation with its principal place of

1

business in Jefferson, Jefferson Parish, Louisiana.

2.

Defendant is David Kappos, in his official capacity as Director of the United States Patent and Trademark Office, an official agency of the United States of America.

### Jurisdiction and Venue

3.

This is an action for judicial review of a decision of the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office arising under the Lanham Act, 15 U.S.C. §1051 *et seq.*, and federal subject matter jurisdiction herein is based upon 15 U.S.C. §§ 1071(b) and 1121(a), and 28 U.S.C. §§1331 and 1338.

4.

Venue is proper in this district pursuant to 28 U.S.C. §1391(e)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and pursuant to 28 U.S.C. §1391(e)(3) because Plaintiff resides in this district.

### Facts-CAJUN RED HOT

5.

Since around May 31, 1988, SnoWizard has continuously and exclusively used the trademark CAJUN RED HOT in Louisiana and in interstate commerce on and in connection with an original flavoring concentrate for shaved ice confections created, manufactured and sold by SnoWizard.

**6.**

The trademark CAJUN RED HOT is suggestive of the unique taste, smell and appearance of the corresponding original flavoring concentrate for shaved ice confections created by SnoWizard.

**7.**

Additionally and alternatively, as a result of SnoWizard's many years of continuous and exclusive use of the trademark CAJUN RED HOT, the mark has acquired a high degree of distinctiveness and secondary meaning among vendors of shaved ice confections, who associate the mark with the unique taste, smell and appearance of the corresponding original flavoring concentrate for shaved ice confections created, manufactured and sold by SnoWizard.

**8.**

The trademark CAJUN RED HOT represents a substantial investment of time, money and goodwill by SnoWizard.

**9.**

SnoWizard owns a protectable proprietary interest in the trademark CAJUN RED HOT.

**10.**

SnoWizard has the exclusive right to use and exclude others from using the trademark CAJUN RED HOT in interstate commerce on and in connection with flavoring

concentrate for shaved ice confections and similar goods.

**11.**

On May 13, 2008, SnoWizard filed application serial number 77472649 with the U.S. Patent and Trademark Office (PTO) seeking a registration for the trademark CAJUN RED HOT for use on and in connection with "[F]lavoring concentrate for non-nutritional purposes, namely, flavoring concentrate for shaved ice confections."

**12.**

On October 15, 2009, the Trademark Examining Attorney issued a final refusal to register the trademark on the basis that it is merely descriptive under Section 2(e)(1) of the Trademark Act, 15 U.S.C. §1052(e)(1).

**13.**

On April 15, 2010, SnoWizard filed a notice of appeal with the Trademark Trial and Appeal Board(TTAB) seeking a reversal of the examiner's determination that the mark is merely descriptive.

**14.**

On February 18, 2011, the TTAB affirmed the examiner's decision but granted Snowizard's alternative request for relief that the mark be registered on the Supplemental Register.

## Civil Action for *De Novo* Review of CAJUN RED HOT

**15.**

The TTAB's finding that the mark CAJUN RED HOT "is merely descriptive under Section 2(e)(1) of the Act . . ." is incorrect, clearly wrong, manifestly erroneous, not supported by substantial evidence, and arbitrary and capricious.

**16.**

Furthermore, since the filing of the appeal with the TTAB, SnoWizard has developed evidence that clearly establishes that CAJUN RED HOT, even if deemed to be merely descriptive, has acquired secondary meaning and is, therefore, inherently distinctive for flavoring concentrate for non-nutritional purposes, namely, flavoring concentrate for shaved ice confections.

**17.**

Specifically, the evidence was obtained from SnoWizard's largest competitor, Southern Snow Manufacturing, Inc. ("Southern Snow'), which is an adverse party in various lawsuits currently pending in the Eastern District of Louisiana.

**18.**

In one of the proceedings, consolidated case nos. 06-9170 c/w 09-3394 and 10-791, the President of Southern Snow, Milton Wendling, admitted in deposition testimony that SnoWizard had exclusively used the term CAJUN RED HOT in commerce from the late 1990's until 2010.

**19**.

Furthermore, Mr. Wendling admitted that Southern Snow misappropriated the trademark CAJUN RED HOT in 2010 after receiving numerous requests for the product sold under such mark.

**20.**

Previously, Southern Snow had offered a similar product under the mark FIREBALL but the SnoWizard product sold under the mark CAJUN RED HOT became so popular that Mr. Wendling decided to apply the term CAJUN RED HOT to the product sold under the name FIREBALL.

**21.**

Furthermore, Mr. Wendling admitted that he also copied SnoWizard's trademark CAJUN RED HOT because he became tired of explaining to customers and potential customers that the product sold under the trademark FIREBALL was the same or similar product sold under the mark CAJUN RED HOT.

**22.**

The exclusive use in commerce of the trademark CAJUN RED HOT for a period of nearly twenty-three years establishes that the mark has acquired distinctiveness pursuant to 15 U.S.C. §1052(f) and 37 C.F.R. §2.41.

**23.**

The fact that a competitor of SnoWizard admitted that SnoWizard exclusively used

the mark CAJUN RED HOT for approximately eleven years establishes that the mark has acquired distinctiveness pursuant to 15 U.S.C. §1052(f) and 37 C.F.R. §2.41.

**24.**

The fact that the product sold under the trademark CAJUN RED HOT became so popular that a competitor intentionally adopted the mark in order to profit from the goodwill and notoriety that it generated irrefutably establishes that the mark has acquired distinctiveness.

**25.**

Unfortunately, the overwhelming evidence of distinctiveness and secondary meaning could not be entered into the record at the TTAB pursuant to 37 CFR 2.142, and was, therefore, not considered by the TTAB when rendering its decision.

**26.**

Pursuant to 15 U.S.C. § 1071(b)(1), SnoWizard, Inc. is entitled to proceed by civil action herein for *de novo* review of the erroneous decision of the TTAB.

**27.**

Pursuant to 15 U.S.C. § 1071(b)(1) and as a result of the TTAB's erroneous decision to refuse registration of the trademark CAJUN RED HOT, SnoWizard is entitled to *de novo* review, based upon the evidence of record in the TTAB and any additional evidence to be introduced into the record of this matter, and to an adjudication reversing the TTAB's decision declaring that SnoWizard is entitled to a registration for the

trademark CAJUN RED HOT.

## Facts-WHITE CHOCOLATE & CHIPS

**28.**

Since at least May 1, 1986, SnoWizard has continuously and exclusively used the trademark "WHITE CHOCOLATE & CHIPS" in Louisiana and in interstate commerce on and in connection with an original flavoring concentrate for shaved ice confections created, manufactured and sold by SnoWizard.

**29.**

The trademark WHITE CHOCOLATE & CHIPS is suggestive of the unique taste, smell and appearance of the corresponding original flavoring concentrate for shaved ice confections created by SnoWizard.

**30.**

Additionally and alternatively, as a result of SnoWizard's many years of continuous and exclusive use of the trademark WHITE CHOCOLATE & CHIPS, the mark has acquired a high degree of distinctiveness and secondary meaning among vendors of shaved ice confections, who associate the mark with the unique taste, smell and appearance of the corresponding original flavoring concentrate for shaved ice confections created, manufactured and sold by SnoWizard.

**31.**

The trademark WHITE CHOCOLATE & CHIPS represents a substantial

investment of time, money and goodwill by SnoWizard.

**32.**

SnoWizard owns a protectable proprietary interest in the trademark WHITE CHOCOLATE & CHIPS.

**33.**

SnoWizard has the exclusive right to use and exclude others from using the trademark WHITE CHOCOLATE & CHIPS in interstate commerce on and in connection with flavoring concentrate for shaved ice confections and similar goods.

**34.**

On May 12, 2008, SnoWizard filed application serial number 77471425 with the U.S. Patent and Trademark Office (PTO) seeking a registration for the trademark WHITE CHOCOLATE & CHIPS for use on and in connection with "Flavoring concentrate for non-nutritional purposes, namely, flavoring concentrate for shaved ice confections."

**35.**

On October 15, 2009, the Trademark Examining Attorney issued a final refusal to register the trademark on the basis that it is merely descriptive under Section 2(e)(1) of the Trademark Act, 15 U.S.C. §1052(e)(1).

**36.**

On April 15, 2010, SnoWizard filed a notice of appeal with the Trademark Trial and Appeal Board(TTAB) seeking a reversal of the examiner's determination that the

mark is merely descriptive.

## 37.

On February 17, 2011, the TTAB affirmed the examiner's decision but granted SnoWizard's alternative request for relief that the mark be registered on the Supplemental Register.

## Civil Action for *De Novo* Review of WHITE CHOCOLATE & CHIPS

## 38.

The TTAB's finding that the mark WHITE CHOCOLATE & CHIPS "is merely descriptive under Section 2(e)(1) of the Act . . ." is incorrect, clearly wrong, manifestly erroneous, not supported by substantial evidence, and arbitrary and capricious.

## 39.

Furthermore, since the filing of the appeal with the TTAB, SnoWizard has developed evidence that clearly establishes that WHITE CHOCOLATE & CHIPS, even if deemed to be merely descriptive, has acquired secondary meaning and is, therefore, inherently distinctive for flavoring concentrate for non-nutritional purposes, namely, flavoring concentrate for shaved ice confections.

## 40.

Specifically, the evidence was obtained from SnoWizard's largest competitor, Southern Snow Manufacturing, Inc. ("Southern Snow'), which is an adverse party in various lawsuits currently pending in the Eastern District of Louisiana.

**41.**

In one of the proceedings, consolidated case nos. 06-9170 c/w 09-3394 and 10-791, the President of Southern Snow, Milton Wendling, admitted in deposition testimony that Southern Snow began copying the trademark WHITE CHOCOLATE & CHIPS a few years ago.

**42.**

The competitor's intentional copying of Plaintiff's trademark is strong evidence of secondary meaning.

**43.**

Furthermore, the exclusive use in commerce of the mark WHITE CHOCOLATE & CHIPS for a period of approximately thirty-five years establishes that the mark has acquired distinctiveness pursuant to 15 U.S.C. §1052(f) and 37 C.F.R. §2.41.

**44.**

However, the overwhelming evidence of distinctiveness and secondary meaning, i.e. intentional copying by a competitor, could not be entered into the record at the TTAB pursuant to 37 CFR 2.142, and was therefore, not considered by the TTAB when rendering its decision.

**45.**

Pursuant to 15 U.S.C. § 1071(b)(1), SnoWizard is entitled to proceed by civil

action herein for review of the erroneous decision of the TTAB.

**46.**

Pursuant to 15 U.S.C. § 1071(b)(1) and as a result of the TTAB's erroneous decision to refuse registration of the trademark WHITE CHOCOLATE & CHIPS, SnoWizard is entitled to *de novo* review, based upon the evidence of record in the TTAB and any additional evidence to be introduced into the record of this matter, and to an adjudication reversing the TTAB's decision declaring that SnoWizard, Inc. is entitled to a registration for the trademark WHITE CHOCOLATE & CHIPS.

WHEREFORE, plaintiff-in-counterclaim SnoWizard, Inc. respectfully prays for judgment in its favor reversing the TTAB's decision, declaring that SnoWizard, Inc. is entitled to registration of the trademarks CAJUN RED HOT and WHITE CHOCOLATE & CHIPS, and awarding such other and further relief as the Court deems just and equitable in the premises and all such relief to which SnoWizard, Inc. is entitled.

                Respectfully submitted,

                /s/ Brad E. Harrigan
                Brad E. Harrigan, La. Bar # 29592
                Simeon B. Reimonenq, Jr., #19755
                LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
                601 Poydras Street, Suite 2775
                New Orleans, Louisiana 70130
                Telephone: (504) 568-1990
                Facsimile: (504) 310-9195

/s/ jack e. morris
**JACK E. MORRIS** (Bar No. 22539) (T.A.)
Attorney at Law
4051 Veterans Boulevard
Suite 208
Metairie, Louisiana 70002
Telephone: (504) 454-2769
Facsimile: (504) 454-3855
Email: Jem@jemorrislaw.com

- and -

/s/ kenneth l. tolar
**KENNETH L. TOLAR** (Bar #22641)
Attorney for Defendant, SnoWizard, Inc.
2908 Hessmer Avenue
Suite 2
Metairie, Louisiana 70002
Phone:  (504) 780-9891
Facsimile (504) 780-7741
Email:tolar@cavtel.net